IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Nathaniel Palmer, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C.A. No.: 4:05-CV-3301-RBH-TER |
| | ) | |
| House of Blues Myrtle Beach | ) | |
| Restaurant Corp., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant House of Blues Myrtle Beach Restaurant Corp. (hereinafter "House of Blues") files this Memorandum of Law in Support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in which the House of Blues moves to dismiss Plaintiff's Second, Third, and Fifth Causes of Action.

The House of Blues hired Plaintiff on June 21, 1999 as a server. He eventually became a bartender and had a lengthy disciplinary record. He was terminated on July 20, 2004 for violating the House of Blues' "Theft/Misappropriation of Company Funds" policy. In his Complaint, Plaintiff alleges that he "was subjected to harassing, demeaning, and hostile working conditions from his superiors" while employed at the House of Blues. (Plaintiff's Complaint, ¶ 5). Based on these allegations, Plaintiff has brought five separate causes of action against the House of Blues: (1) violation of Title

VII of the Civil Rights Act of 1964, (2) intentional infliction of emotional distress, (3) negligence, (4) fraud, and (5) wrongful termination in violation of public policy.

The House of Blues has moved to dismiss the Second, Third, and Fifth Causes of Action for the reasons discussed below.

## LEGAL ARGUMENT

**I. Plaintiff's claims for Intentional Infliction of Emotional Distress (IIED) and "Negligence" are barred by the exclusivity provision of the South Carolina Workers' Compensation Act.**

Plaintiff's Second Cause of Action attempts to state a claim for Intentional Infliction of Emotional Distress (IIED), due to the acts "of the Defendant and it's [*sic*] agents and/or employees of Defendant," related to the Plaintiff's allegation that he was "subjected to harassing, demeaning and hostile working conditions from his superiors." (Plaintiff's Complaint, ¶¶ 5, 15-16). Plaintiff's Third Cause of Action, styled as a claim for "negligence," is also based on the "acts of discrimination" allegedly perpetrated by managers at the House of Blues, and on Plaintiffs' allegation that the House of Blues was "grossly negligent in failing to properly supervise [its] agents and or employees." (Plaintiff's Complaint, ¶¶ 20-21). In each case, Plaintiff alleges that he has suffered a personal injury, including "emotional distress and humiliation," and that the "emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure it." (Plaintiff's Complaint, ¶¶ 16, 21).

Plaintiff's Second and Third Causes of Action are barred by the exclusivity provision of the South Carolina Workers' Compensation Act, S.C. Code Ann. § 42-1-

540, which is raised in the Answer of the House of Blues as an affirmative defense. (Defendant's Answer, Ninth Affirmative Defense).

The South Carolina Supreme Court has established that claims such as the "negligence" and IIED claims brought by an employee against an employer, or that happened in the course of the Plaintiff's employment, are within the scope of the exclusivity provision of the Workers' Compensation Act. *Loges v. Mack Trucks, Inc.*, 308 S.C. 134, 137, 417 S.E.2d 538, 540 (1992) ("We hold that summary judgment is appropriate on the allegations of intentional infliction of emotional distress, assault and battery as these constitute personal injuries within the scope of the Act."). For instance, in *Dickert v. Metropolitan Life Ins. Co.*, 311 S.C. 218, 428 S.E.2d 700 (1993), the employee sued his employer under causes of action such as "negligence based upon Employer's failure to exercise reasonable care in the selection, retention, and supervision of Co-employee," intentional infliction for emotional distress, and assault and battery. 311 S.C. at 219, 428 S.E.2d at 701. The South Carolina Supreme Court affirmed summary judgment for the employer on these claims, noting that "the Employee's causes of action against Employer are precluded by the exclusivity provision of the South Carolina Worker's Compensation Act." 311 S.C. at 220, 428 S.E.2d at 701.

More recently, the South Carolina Supreme Court ruled that, because an employee's negligent supervision and negligent retention claims arose out of and in the course of her employment, the Workers' Compensation Act provided the exclusive remedy for her. *Sabb v. South Carolina State University*, 350 S.C. 416, 567 S.E.2d 231 (2002). The Supreme Court explained:

> we acknowledge, while the trial court has subject matter jurisdiction over tort claims, certain cases may be taken from the trial court's original jurisdiction by the General Assembly. We find the General Assembly has vested the Commission with exclusive original jurisdiction over the types of claims made by Sabb, such that the circuit court was divested of its original jurisdiction over Sabb's claims.

350 S.C. 416, 423, 567 S.E.2d 231, 234. *See also McClain v. Pactiv Corp.*, 360 S.C. 480, 484, 602 S.E.2d 87, 89 (S.C. App. 2004) (affirming dismissal of an employee's claim for intentional infliction of emotional distress under the Workers' Compensation exclusivity provision).

For these reasons, Plaintiff has failed to state a claim for intentional infliction of emotional distress or for "negligence." Therefore, his Second and Third Causes of Action must be dismissed.

**II. Because Plaintiff has a statutory remedy for his allegations of discriminatory conduct, he cannot state a claim for "wrongful termination" in violation of public policy under South Carolina law.**

Plaintiff's Fifth Cause of Action is styled as a claim for "wrongful termination," based on Plaintiff's allegation that his "termination was in violation of public policy inasmuch as he was terminated for discriminatory reasons." (Plaintiff's Complaint, ¶ 32). Plaintiff is attempting to state a claim for a tort of wrongful discharge in violation of public policy, first recognized in *Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 337 S.E.2d 213 (1985), by relying on the same allegations of discriminatory conduct for which brings his First Cause of Action under Title VII of the Civil Rights Act of 1964. (Plaintiff's Complaint, ¶¶ 1-14, 31).

It is clear that Plaintiff's Fifth Cause of Action must be dismissed. The South

Carolina Supreme Court has explicitly stated that, "[w]hen a statute creates a substantive right (i.e. the Whistleblower statute) and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy." *Lawson v. South Carolina Department of Corrections*, 340 S.C. 346, 532 S.E.2d 259 (2000) (emphasis added) (dismissing wrongful discharge claim brought under *Ludwick* where the state Whistleblower Act provided statutory remedy). As a matter of law, Plaintiff cannot "end run" the requirements of Title VII, or avoid the limitations of Title VII, by styling his claim as a generalized claim of "wrongful termination." *Dockins v. Ingles Markets, Inc.*, 306 S.C. 496, 498, 413 S.E.2d 18, 19 (1992) (wrongful discharge claim brought under *Ludwick* was properly dismissed where Fair Labor Standards Act provided statutory remedy).

Title VII provides Plaintiff with a statutory remedy for his allegations of his employer's discriminatory conduct. He has, in fact, availed himself of this statutory remedy. Under South Carolina law, his claim for "wrongful discharge" must be dismissed.

## CONCLUSION

As demonstrated above, Plaintiff has failed to state claims for which relief can be granted in his Second, Third, and Fifth Causes of Action. For these reasons, Defendant House of Blues respectfully requests that this Court GRANT its Motion to Dismiss the Defendant's Second, Third, and Fifth Causes of Action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, and to grant any other such relief to the House of Blues as the Court deems just and proper.

Dated this the 3rd day of February, 2006.

          Respectfully submitted,

          _____s/ Eugene H. Matthews_____
          Eugene H. Matthews (FID #7141)
          Douglas C. Baxter (FID# 4778)
          Richardson, Plowden, Carpenter & Robinson, P.A.
          P.O. Drawer 7788
          Columbia, South Carolina 29202
          803-771-4400
          E-Mail:  gmatthews@rpcrlaw.com

          Attorney for Defendant House of Blues

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Nathaniel Palmer, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 4:04-141-R |
| | ) | |
| House of Blues Myrtle Beach Restaurant Corp., | ) | |
| | ) | |
| Defendant. | ) | |

## **CERTIFICATE OF SERVICE**

I, Eugene H. Matthews, an attorney with Richardson, Plowden, Carpenter & Robinson, P.A., do hereby certify that a copy of Memorandum of Law in Support of Defendant's Motion to Dismiss in the above-referenced matter, has been served electronically upon the following counsel of record:

> George N. Spirakis, Esquire
> 310 79th Avenue North
> Myrtle Beach, South Carolina  29572

Dated this 3rd day of February, 2006.

s/ Eugene H. Matthews