IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Nathaniel Palmer, )
)
        Plaintiff, )
)
vs. )
) C.A. No.: 4:05-CV-3301-RBH-TER
House of Blues, Myrtle Beach )
Restaurant Corp., )
)
)
        Defendant. )
)
)

## MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS

Defendant House of Blues Myrtle Beach Restaurant Corp. (hereinafter "House of Blues") filed a Memorandum of Law in Support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in which the House of Blues moves to dismiss Plaintiff's Second, Third, and Fifth Causes of Action. The Plaintiff now responds to the Defendant's Motion

The House of Blues hired Plaintiff on June 21, 1999 as a server. He eventually became a bartender and had citations for good work as well as employee honors and several letters from patrons commending his service and quality of work. In his complaint, Plaintiff alleges that he "was subjected to harassing, demeaning, and hostile working conditions from his superiors" while employed at the House of Blues. (Plaintiff's Complaint, ¶ 5). Based on these allegations, Plaintiff has brought five separate causes of action against the House of Blues: (1) violation of Title VII of the

Civil Rights Act of 1964, (2) intentional infliction of emotional distress, (3) negligence, (4) fraud, and (5) wrongful termination in violation of public policy. The Plaintiff moves in opposition to the House of Blues Motion to dismiss the Second, Third, and Fifth Causes of Action for the reasons discussed below.

## LEGAL ARGUMENT

### 1. Plaintiff's claims for Intentional Infliction of Emotional Distress (IIED) and "Negligence" are barred by the exclusivity provision of the South Carolina Workers' Compensation Act.

Defendant alleged that the Plaintiff's Second Cause of Action attempts to state a claim for Intentional Infliction of Emotional Distress (IIED), due to the acts "of the Defendant and its [sic] agents and/or employees of Defendant," related to the Plaintiff's allegation that he was "subjected to harassing, demeaning and hostile working conditions from his superiors."(Plaintiff's Complaint, ¶¶ 5,15-16). Plaintiff's Third Cause of Action, a claim for "negligence," is also based on the "acts of discrimination" allegedly perpetrated by managers at the House of Blues, and on Plaintiffs' allegation that the House of Blues was "grossly negligent in failing to properly supervise [its] agents and or employees." (Plaintiff's Complaint, ¶¶ 20-21). In each case, Plaintiff alleges that he has suffered a personal injury, including "emotional distress and humiliation," and that the "emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure it." (Plaintiff's Complaint, ¶¶ 16, 21). The Defendant seeks to dismiss these actions. The Plaintiff would disagree.

In *McClain v. Pactiv Corp.*, 360 S.C. 480, 484, 602 S.E.2d 87, 89 (S.C. App. 2004) The Court discusses the "Alter Ego". (The Court later affirmed and clarified this holding by stating: "It is only when the tortfeasor/co-employee is the 'alter ego' of the

employer that the liability falls outside the scope of the Act." Dickert v. Metropolitan Life Ins. Co., 311 S.C. 218, 220, 428 S.E.2d 700, 701 (1993). The alter ego exception applies only to " 'dominant corporate owners and officers.'" Id. At 221, 428 S.E.2d at 701 (quoting 2A Larson, Workmen's Compensation, $$ 68.21 and 68.22. The Plaintiff would argue that the Defendant's action as set forth takes them out of the scope of protection of the statute. Although the Court sets forth the criteria for the "alter ego" the Plaintiff would argue that this particular Defendant knew that its managers were discriminating against the Plaintiff and acquiesced to their treatment of the Plaintiff. The Plaintiff would further argue that the "alter ego" exception would apply when the discrimination is sanctioned by the Defendant and is used as smoke screen to get around its conduct thus allowing the Defendant to hide under the blanket of the exclusivity provision of the Workers' Compensation Act.

 Plaintiff would further argue that if the Court does not find that the 'alter ego" exists that the Defendant should not be allowed to have the causes of action barred by the exclusivity provision of the South Carolina Workers' Compensation Act, S.C. Code Ann. § 42-1-540, which is raised in the Answer of the House of Blues as an affirmative defense. (Defendant's Answer, Ninth Affirmative Defense), because it would violate the Plaintiffs Fourteenth Amendment right to Due Process. The Plaintiff would argue that the exclusivity provision of the South Carolina Workers' Compensation Act, S.C. Code Ann. violates the Plaintiffs right to due process by allowing the Defendant to hide behind an act that it would not be able to hind behind if it were an individual. The South Carolina Workers' Compensation Act, S.C. Code Ann. is an act to determine medical benefits and can not determine the severity of conduct by the Defendant. Therefore, his

Second and Third Causes of Action must not be dismissed.

### II. Because Plaintiff has a statutory remedy for his allegations of discriminatory conduct, he cannot state a claim for "wrongful termination" in violation of public policy under South Carolina law.

Plaintiff's Fifth Cause of Action is styled as a claim for "wrongful termination," based on Plaintiff's allegation that his 'termination was in violation of public policy inasmuch as he was terminated for discriminatory reasons." (Plaintiff's Complaint, ¶ 32). The Plaintiff has met the liberally construed "notice" pleading requirements of Federal Rule of Civil Procedure 8(a). M. Diane Koken v Aon Risk Services, Inc. of Virginia, et al., (Cite as: 2006 WL 90068 (E.D.Va.)) A complaint must contain "a Short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) Modern federal courts routinely explain that a complaint "need be phrased only in general terms sufficient to put the defendants on notice as to the nature of the claims being asserted against them." Cramer v Gen. Tel. & Elecs. Corp., 582 F2d 259, 272 (3d Cir. 1978). After all, "[i]t is the function of discovery to fill in the details, and of trial to establish fully each element of the cause of action." Seville Indus. Mach. Corp. v Southmost Mach. Corp., 742 F2d 786,790 (3rd Cir1984).

It is clear that Plaintiff's Fifth Cause of Action should not be dismissed. The Defendant's motion is premature. Therefore the Plaintiff's Fifth Cause of Action should Remain.

## CONCLUSION

As demonstrated above, Plaintiff has stated claims for which relief can be granted in his Second, Third, and Fifth Causes of Action. For these reasons, Defendant House of Blues requests to Dismiss the Defendant's Second, Third, and Fifth Causes of Action pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure should not be granted and that the Plaintiff be allowed to proceed.

Dated this the 21st day of February, 2006.

Respectfully submitted,

s/George N. Spirakis
George N. Spirakis (FID # 5398)
Spirakis & Haar P.A.
310 79th Avenue N.
Myrtle Beach, South Carolina 29572
843-449-1900

Attorney for Plaintiff Nathaniel Plamer