UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Nathaniel Palmer, | Civil Action No. 4:05-3301-RBH-TER |
| Plaintiff, | |
| | ORDER |
| -vs- | |
| | and |
| House of Blues Myrtle Beach Restaurant Corp., | REPORT AND RECOMMENDATION |
| Defendant. | |

This matter is before the court on defendant's motion to dismiss plaintiff's second, third and fifth causes of action (Document # 11). Plaintiff filed a memorandum in opposition to defendant's motion, defendant filed a reply, and plaintiff filed a reply to defendant's reply.

Defendant filed a motion (Document # 18) to strike plaintiff's reply to its reply to which plaintiff filed a memorandum in opposition. Plaintiff's reply to defendant's reply does not raise any additional substantive issues and while filing such repetitious memorandums is certainly not encouraged and the reply serves little, if any, useful purpose, defendant's **motion (Document # 18) is denied.**

Defendant seeks dismissal of plaintiff's second, third and fifth causes of action which allege claims for intentional infliction of emotional distress, negligence and wrongful termination in violation of public policy, respectively.

*Claims for Intentional Infliction of Emotional Distress and Negligence*

Defendant argues that plaintiff's claim for intentional infliction of emotional distress and his claim for negligence are barred by the exclusivity provision of the South Carolina Workers' Compensation Act, S.C. Code §42-1-540. It is well established that the South Carolina Workers'

Compensation Act provides the exclusive remedy an employees claim for personal injuries against an employer. Dickert v. Metropolitan Life Ins. Co., 428 S.E.2d 700 (S.C. 1993); Loges v. Mack Trucks, Inc., 417 S.E.2d 538 (1992); McClain v. Pactiv Corp., 602 S.E.2d 87 (S.C. App. 2004).

An exception to the exclusivity provision exists where the tortfeasor is the "alter ego" of the employer. Dickert, 428 S.E.2d at 701; McLain, 602 S.E.2d at 89. However, the alter ego exception applies only to "dominant corporate owners and officers." Id.

Plaintiff argues that defendant knew that its managers were discriminating against the plaintiff and acquiesced to their treatment of plaintiff. Thus, he argues the exclusivity provision is inapplicable in this case.

Clearly, the parties are addressing facts not contained within the pleadings. While the undersigned recognizes the argument made by plaintiff is tenuous, that is not the standard under Rule 8, Fed.R.Civ.P. Additionally, to the extent plaintiff's complaint does not allege sufficient facts, that issue is not presently before the court. Whether or not "dominant corporate owners and officers" were involved and whether or not they committed a tort alleged involves consideration of matters outside the pleadings and, thus, is not proper for resolution under Rule 12.[1]

Plaintiff also argues that the South Carolina Workers' Compensation Act violates his Fourteenth Amendment right to Due Process. Plaintiff's argument is without merit. See Haynes v. James H. Carr, Inc., 427 F.2d 700, 702 (4th Cir.), *cert. denied*, 400 U.S. 942 (1970).

### *Claim for Wrongful Termination*

Defendant seeks dismissal of plaintiff's claim for wrongful termination in violation of

---

[1] A court may dismiss a complaint under Rule 12 only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegation in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

public policy of South Carolina. In <u>Ludwick v. The Minute of Carolina, Inc.</u>, 337 S.2d 213 (S.C. 1985), the South Carolina Supreme Court recognized an exception to at-will employment and held when a retaliatory discharge constitutes a violation of clear mandate of public policy, a claim for wrongful discharge exists. <u>Id</u>. At 216. Such an exception, however, has not been expanded beyond situations where an employee was terminated because the employee refused to violate the law at the direction of the employer. <u>Dockins v. Ingles Markets, Inc.</u>, 4132 S.E.2d 18, 19 (S.C. 1992). As set forth by defendant, the South Carolina Supreme Court has explicitly held that "when a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy." <u>Lawson v. South Carolina Department of Corrections</u>, 532 S.E.2d 259 (S.C. 2000)(Whistle Blower Act provided statutory remedy); <u>Dockins</u>, 413 S.E.2d at 19 (Fair Labor Standards Act provided remedy).

Plaintiff seeks a remedy in this case for wrongful termination under Title VII, 42 U.S.C. §2000e. Title VII provides a remedy to which plaintiff is limited. Thus, defendant's motion to dismiss plaintiff's fifth cause of action should be granted.

For the foregoing reasons, it is **RECOMMENDED** that defendant's motion to dismiss (**Document # 11**) be **granted in part and denied in part**. Specifically, defendant's motion to dismiss plaintiff's claim for intentional infliction of emotional distress (second cause of action) and his claim for negligence (third cause of action) should be denied, and should be granted as to plaintiff's claim for wrongful termination in violation of public policy (fifth cause of action).

For the foregoing reasons, it is **ORDERED** that defendant's motion to strike (**Document # 18**) is **Denied**.

August 24, 2006                                s/Thomas E. Rogers, III
Florence, South Carolina                       Thomas E. Rogers, III
                                               United States Magistrate Judge

**The parties' are directed to the important notice contained on the following page(s).**

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503
