IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Nathaniel Palmer, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | C/A NO. 4:05-3301-RBH |
| | ) | |
| vs. | ) | |
| | ) | |
| House of Blues Myrtle Beach | ) | ORDER |
| Restaurant Corp., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff filed this action on November 28, 2005. The Complaint alleges a federal cause of action for discrimination on the basis of race in violation of Title VII, 42 U.S.C. §2000e, and state law claims for intentional infliction of emotional distress, negligence, fraud, and wrongful termination. The defendant filed its Answer on December 19, 2005. Defendant filed a motion to dismiss for failure to state a claim as to the state common law claims for intentional infliction of emotional distress, negligence, and wrongful termination on February 3, 2006. The motion to dismiss does not address the Title VII claim or the state law fraud claim.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In his Report, Magistrate Judge Rogers recommends that the defendant's motion to dismiss be granted as to the plaintiff's wrongful termination claim (Fifth Cause of Action) and denied as to the intentional

infliction of emotional distress (Second Cause of Action) and negligence (Third Cause of Action) claims.  Both parties filed objections to the Report on September 11, 2006.

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**Facts**

The plaintiff alleges in his Complaint that he was hired by the defendant House of Blues restaurant on June 21, 1999 and that, during his employment, he was "subjected to harassing, demeaning, and hostile working conditions from his superiors." (Complaint, ¶5)   He further alleges that he "endured constant ridicule from the defendant and or its employees and managers.  The Plaintiff after each degradation would inform his superiors that this behavior was offensive and bothersome."  Id.   The plaintiff alleges that he was terminated from his employment with the defendant due to his race.  The defendant contends that the plaintiff was terminated for violating the House of Blues policy prohibiting theft and misappropriation of company funds.

## Analysis

The defendant moved to dismiss the causes of action for intentional infliction of emotional distress and negligence on the basis of the exclusivity provision of the South Carolina Workers Compensation Act, as set forth in S.C. Code Ann. §42-1-540, which provides, in pertinent part:

> **§ 42-1-540. Employee's rights and remedies under Title exclude all others against employer.**
>
> The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

The South Carolina Supreme Court has held that causes of action for intentional infliction of emotional distress (outrage) and negligence constitute personal injuries within the scope of the Act. Loges v. Mack Trucks, Inc., 308 S.C. 134, 417 S.E.2d 538 (1992) (outrage); Sabb v. South Carolina State University, 350 S.C. 416, 567 S.E.2d 231 (2002) (negligent supervision). See also, Stokes v. First National Bank, 306 S.C. 46, 410 S.E.2d 248 (1991) (mental injury arising from non-physical stress covered by the Act). However, the Court has also held that, when the tortfeasor is the "alter ego" of the employer, causes of action for assault and battery and intentional infliction of emotional distress are not barred by the Act. Dickert v. Metropolitan Life Insurance Co., 311 S.C. 218, 428 S.E.2d 700 (1993). In Dickert, the Court refused to extend the definition of "alter ego" to supervisory employees such as an office manager and held that only "dominant corporate owners and officers" may constitute alter egos, *citing* 2A Larson, Workmen's Compensation, §§ 68.21 and 68.22.

In Edens v. Bellini, 359 S.C. 433, 597 S.E.2d 863 (Ct. App. 2004), the South Carolina Court of Appeals confronted a wrongful death and survival action arising from the fatal crushing to death of a worker, alleging causes of action against the manufacturers and distributors of the machinery for negligence, strict liability, and breach of warranty. The employer was also named in a negligence cause of action. The questions on appeal pertained to the liability of the employer and its employees, who moved to dismiss the claims based on the exclusivity provisions of the Workers' Compensation Act. The court cited the general rule that "it is South Carolina's policy to resolve jurisdictional doubts in favor of the inclusion of employers and employees under the Workers' Compensation Act." Id., 597 S.E. 2d at 867. The Court proceeded to cite Dickert for the proposition that:

> The only exceptions to the exclusivity provisions are: (1) where the injury results from the act of a subcontractor who is not the injured person's direct employer (§42-1-540); (2) where the injury is not accidental but rather results from the intentional act of the employer or its alter ego . . .; (3) where the tort is slander and the injury is to reputation . . . ; or (4) where the Act specifically excludes certain occupations.

Id., 597 S.E. 2d at 870. The Court further held: "Giving the intentional injury exception to section 42-1-540 its most narrow construction, we find that only those injuries inflicted by an employer who acts with a deliberate or specific intent to injure are exempted from the exclusive remedy of workers' compensation coverage. . . Consequently, we decline to follow North Carolina's adoption of the substantial certainty standard . . ." Id. at 871. Additionally, the Court cited Larson and stated that the common law liability of the employer cannot be "stretched to include accidental injuries caused by the gross, wanton, willful . . .negligence. . . or other misconduct of the employer short of

a conscious and deliberate intent directed to the purpose of inflicting an injury." Id., *citing* 6 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 103.03 (2002).

In the case at bar, this Court agrees with the recommendation by the Magistrate Judge with regard to the cause of action for intentional infliction of emotional distress. This is an intentional tort, and the Complaint could be construed under the notice pleading utilized in federal court to allege that an alter ego of the defendant engaged in the acts of which the plaintiff complains. Therefore, the motion to dismiss the cause of action for intentional infliction of emotional distress is denied. However, as to the negligence cause of action, this Court respectfully disagrees with the Magistrate Judge and finds that the claim for negligent supervision should be dismissed as barred by the exclusivity provisions of the workers' compensation law. The negligence cause of action is not an intentional tort such as assault and battery or intentional infliction of emotional distress mentioned in Dickert.

The defendant also asserts that the cause of action for wrongful termination in violation of public policy should be dismissed on the basis that the plaintiff has a statutory remedy for his allegations of discriminatory conduct. This Court agrees with the recommendation by the Magistrate Judge that the cause of action for wrongful termination should be dismissed. "When a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy." Lawson v. South Carolina Department of Corrections, 340 S.C. 346, 532 S.E.2d 259 (2000); Dockins v. Ingles Markets, Inc., 306 S.C. 496, 413 S.E.2d 18, 19 (1992). In addition, as noted by the Magistrate Judge, the public policy exception to the employment at will doctrine applies in situations where the employer requires an employee to

5

violate the law or where the reason for the termination was a violation of criminal law. Lawson, 532 S.E.2d at 261.

## Conclusion

For the foregoing reasons, the Court accepts in part and rejects in part the Report and Recommendation of the Magistrate Judge. The defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART.** The motion to dismiss is granted as to the plaintiff's third (negligence) and fifth (wrongful termination) causes of action and denied as to the second (intentional infliction of emotional distress) cause of action.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

September 20, 2006
Florence, South Carolina